```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

EDDIE D. SMITH,

    Petitioner,                Civil Action No. 09-CV-271-JMH

v.

UNITED STATES OF AMERICA,       **MEMORANDUM OPINION AND ORDER**

    Respondent.

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Eddie D. Smith is an inmate confined at the Federal Correctional Institution-McKean in Bradford, Pennsylvania. Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has now paid the $5 filing fee. [R. 4]

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because Smith is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In his petition, Smith challenges the validity of the criminal conviction entered against him in *United States v. Smith*, 95-CR-27-KSF, Eastern District of Kentucky.  Summarized, Smith contends that relevant portions of Title 18 of the United States Code were not properly passed by Congress in 1947 and 1948; the trial court lacked subject matter jurisdiction to convict him and was not an Article III court; the trial court failed to make specific findings of fact and law; the court sold conviction bonds to profit from his conviction; and the prosecutor concealed evidence in the case.

The Court lacks jurisdiction to decide the merits of the petition.  The only proper respondent to a petition for a writ of habeas corpus is the petitioner's immediate custodian, generally the warden of the facility at which the petitioner is confined.  28 U.S.C. § 2242-43; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because courts are limited to granting habeas relief "within their respective jurisdictions," 28 U.S.C. § 2241(a), and the Court lacks personal jurisdiction over a warden located in Pennsylvania, the Court is without the power to order relief even if it found such relief warranted.  Smith must seek habeas relief in Pennsylvania.

Second, Smith's claims are not cognizable in a habeas corpus petition under Section 2241.  His claims, all of which could have been raised on direct appeal, do not fit within 28 U.S.C. § 2255's exception permitting Section 2241 habeas jurisdiction over claims where Section 2255 is "inadequate and ineffective" to pursue those claims.  *See, e.g., Goncalves v. Keisler*, 07-212-GFVT, Eastern

District of Kentucky, *aff'd*, 08-5341, Court of Appeals for the Sixth Circuit (affirming dismissal of claims challenging validity of Title 18 under Quorum and Presentment Clauses for lack of jurisdiction under Section 2241).

Accordingly, it is **ORDERED** that:

1. Smith's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 18th day of August, 2009.



Signed By:
**Joseph M. Hood**
Senior U.S. District Judge